UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COREY L. REYNOLDS,

     Plaintiff,

       v.                                                    Case No.:  8:20-cv-1626-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

Pro se Plaintiff Corey L. Reynolds seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED in part, and REVERSED and REMANDED in part** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.   Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.     Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on February 7, 2018, alleging disability beginning October 27, 2017. (Tr. 127, 206-207). The application was denied initially on April 3, 2018, and upon reconsideration on May 11, 2018. (Tr. 127, 140). Plaintiff requested a hearing and on July 22, 2019, a hearing was held before Administrative Law Judge ("ALJ") Margaret Craig. (Tr. 46-84). On August 12, 2019, the ALJ entered a decision finding Plaintiff not disabled from October 27, 2017, through the date of the decision. (Tr. 28-40).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on May 11, 2020. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on July 15, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 19).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2022. (Tr. 30). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 27, 2017, the alleged onset date. (Tr. 30). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative

disc disease of the lumbar spine, right shoulder derangement, chronic left shoulder strain and osteoarthritis bilateral knees." (Tr. 31). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 §§ C.F.R. 404.1520(d), 404.1525, and 404.1526). (Tr. 32).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> The undersigned finds that the claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally, 10 pounds frequently; stand and/or walk 2 hours in an 8-hour workday (no more than 30 minutes at a time); sit 6 hours in an 8-hour workday (no more than 30 minutes at a time); frequently climb ramps/stairs, but never climb ladders, ropes or scaffold; frequently kneel, crouch and crawl; and frequently reach and/or push/pull with bilateral upper extremities. The claimant must avoid concentrated exposure to vibrations.

(Tr. 32). At step four, the ALJ found that Plaintiff was capable of performing two jobs that constituted his past relevant work, data entry clerk and programmer. (Tr. 37).

Alternatively at step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (46 on the alleged onset date), education (college including a Master of Business Administration), work experience, and RFC, there are jobs that exist in significant numbers in the national

economy that Plaintiff could perform. (Tr. 37-39, 51). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1)   survey worker, DOT[1] 205.367-054, light, unskilled, SVP 2

(2)   ticket taker, DOT 344.667-010, light, unskilled, SVP 2

(3)   toll collector, DOT 211.462-038, light, unskilled, SVP 2.

(Tr. 38). The ALJ concluded that Plaintiff had not been under a disability from October 27, 2017, through the date of the decision. (Tr. 40).

## II.   Analysis

Although unclear, it appears that on appeal Plaintiff raises the issue that the ALJ erred in finding him not disabled, especially given the Veterans Administration's ("VA") finding that he was disabled. (Doc. 20, p. 1-2). Plaintiff submitted additional evidence to the Appeals Council. (Tr. 2) Plaintiff also separately filed a March 25, 2021 decision by the Board of Veterans' Appeals with this Court. (Doc. 22).

Of note, the Scheduling Order (Doc. 18) required Plaintiff to:

> identify with particularity the discrete grounds upon which the administrative decision is being challenged. Moreover, all discrete challenges must be supported by specific citation to the pages of the record relied upon when discussing the pertinent facts, medical evidence, and opinion evidence and by citation to the governing legal authority that supports each challenge. Any contention for which these requirements are not

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

> met is subject to being disregarded for insufficient
> development and denied without further consideration.

(Doc. 18, p. 1-2) (citing *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir.

2006)). In the Memorandum, Plaintiff failed to cite the record and failed to cite any

legal authority. Nonetheless, the Court recognizes that Plaintiff proceeds pro se –

which is without counsel – and therefore the Court will construe his arguments

liberally. *See Anglin v. Soc. Sec. Admin.*, 602 F. App'x 483, 484 (11th Cir. 2015)

("We liberally construe briefs filed by pro se litigants.") (citing *Timson v. Sampson*,

518 F.3d 870, 874 (11th Cir. 2008)).

### A.      Whether substantial evidence supports the ALJ's decision

Without citation to the record or to legal authority, Plaintiff generally asserts

that it is "impossible" for him to keep a job due to problems with his knees,

shoulders, and back. (Doc. 20, p. 2). He claims that it is "almost impossible" for him

to sit down for 8 hours for a job. (Doc. 20, p. 2). He also claims he needs to be able

to stand or walk to receive some relief from his injuries and "Management"

terminated his prior positions because of this need. (Doc. 20, p. 2). He adds that even

if he could obtain a job, he "doubt[s]" he would be able to keep it because of his

injuries. (Doc. 20, p. 2). Finally, he claims he has post-traumatic stress disorder

("PTSD"), which makes it difficult to work. (Doc. 20, p. 1).

The ALJ thoroughly considered the evidence of record. The ALJ noted that in

Plaintiff's February 8, 2018 Disability Report-Adult, he lists right shoulder damage,

lower back injury, and right and left knee osteoporosis, but does not mention any mental conditions. (Tr. 33, 225). In the June 26, 2018 Disability Report-Appeal, Plaintiff claims that his knees and lower back problems had worsened and that his mental condition had gotten worse "because I am tired of dealing with this and it does not appear to be getting any better." (Tr. 33, 262). The ALJ also considered Plaintiff's testimony. (Tr. 36).

The ALJ then reviewed the objective medical evidence of x-rays showing minimal spondylosis in the lumbar spine, and no fracture or dislocation of the right shoulder. (Tr. 34). The ALJ considered an MRI of the right shoulder that revealed mild acromioclavicular joint osteoarthritis and mild tendinopathy of the supraspinatus and infraspinatus tendons. (Tr. 34). She also reviewed March 2018 x-rays of the left knee that revealed mild degenerative joint disease without acute bony pathology. (Tr. 34).

The ALJ considered a March 2018 state agency consultative examination by Eniola Owi, M.D. (Tr. 34, 342-47). In the evaluation, Dr. Owi found the spine revealed no gross deformity, and no tenderness or spasms to palpation. (Tr. 34). On examination, Plaintiff's right shoulder was tender and Plaintiff reported discomfort with motion. (Tr. 34). Plaintiff also report tenderness to palpation of portions of the knee with motion. (Tr. 34). Plaintiff's strength and gait were normal. (Tr. 34). He was alert and oriented, his judgment and insight were good, his mood/affect were

full range, and concentration was intact. (Tr. 34). Dr. Owi diagnosed Plaintiff with history of a chronic partially torn right rotator cuff and shoulder discomfort, history of degenerative lumbar disc disease, with no current problem, and a history of bilateral knee osteoarthritis and pain. (Tr. 34).

The ALJ carefully and completely reviewed the VA records from November 2017 through January 2019, and found that Plaintiff received routine and conservative treatment for his back, knee, and shoulder pain. (Tr. 34-35). The ALJ summarized these medical records as follows. In November 2017, Plaintiff presented to the VA with low back and knee pain. (Tr. 34). The records reflect the examination was within normal limits. (Tr. 34). The physician diagnosed Plaintiff with a mild chronic back sprain and instructed him to do stretching, apply heat, and follow up in 12 months. (Tr. 34). Plaintiff returned in December 2017, with increased back pain and was referred to physical therapy. (Tr. 34). After a physical therapy evaluation, Plaintiff conveyed he was not interested in formal physical therapy and would independently manage his symptoms at home. (Tr. 34). In February 2018, Plaintiff complained of right shoulder pain for 20 years and bilateral knee and neck pain for years. (Tr. 34). On examination, the neck was tender on lateral motion, the right shoulder was tender with restricted range of motion, and the knees showed a normal range of motion. (Tr. 34). In March 2018, Plaintiff returned and reported he was lifting weights in January and February and his right shoulder gave out on him,

causing him pain on movement. (Tr. 34). His range of motion was limited. (Tr. 34-35). Physical therapy was recommended, but Plaintiff preferred to manage with medications. (Tr. 35). He was prescribed Gabapentin and Meloxicam. (Tr. 35).

In April 2018, he presented with bilateral knee pain, especially on flexion. (Tr. 35). On reaching 30 degrees of flexion, there was palpable sensation of friction in the patellar tendons and under the patellas bilaterally. His gait was guarded, which was consistent with his complaints. (Tr. 35). He was diagnosed with degenerative joint disease bilateral knees and knee joint osteoarthritis. (Tr. 35). In May 2018, Plaintiff received a steroid injection in the right shoulder. (Tr. 35). In June 2018, Plaintiff reported that the Gabapentin was working great, although his back and knees seemed to be hurting more and he was told it was his sciatic nerve. (Tr. 35). Plaintiff asked for help with the pain and was given a back brace and knee braces. (Tr. 35). In November 2018, Plaintiff returned with persistent right shoulder pain, difficulty using the shoulder, difficulty with abduction at approximately 25 degrees, and   pain with overhead activities. (Tr. 35). Plaintiff was using a TENS unit and taking Gabapentin and Meloxicam. (Tr. 35). In January 2019, Plaintiff underwent an orthopedic surgery consult for his right shoulder pain. (Tr. 35). The physician diagnosed Plaintiff with impingement syndrome right shoulder. (Tr. 35).

The ALJ also reviewed a May 2019 Medical Source Statement completed by Fiju Koshy, D.O. at the VA and found it persuasive and consistent with the opinion

of a State agency reviewing physician. (Tr. 35, 515). Dr. Koshy found Plaintiff capable of frequently lifting 50 pounds or more. (Tr. 515). He also found that with normal breaks, Plaintiff was capable of standing or walking for a full day, and sitting for a full day with breaks for stretching. (Tr. 35, 515). Dr. Koshy determined that Plaintiff would need to be able to alternate between sitting and standing to relieve pain and discomfort. (Tr. 3, 515). He found Plaintiff had no postural, manipulative, or visual limitations. (Tr. 35, 515-16). Dr. Koshy found Plaintiff would need a 5-minute break every two hours due to mild arthritis of the lumbar spine, and complaints of low backpain. (Tr. 3, 515). He found no nonexertional limitations and no limitations due to a mental impairment, including: no limitations as to concentration; following, carrying out, remembering or understanding simple instruction; using judgment; responding to supervision, and coworkers in a usual work situation; and dealing with changes in a routine work setting. (Tr. 35, 516).

Finally, the ALJ found the opinion of state agency reviewing medical consultant, Jolita Burns, M.D. at the reconsideration level persuasive that Plaintiff was capable of performing a wide range of light work. (Tr. 36-37). The ALJ determined that Dr. Koshy's assessment was consistent with Dr. Burns's assessment and the evidence of record as a whole. (Tr. 37).

The ALJ carefully and thoroughly considered all of the medical evidence of record, including the medical evidence from the VA. While Plaintiff may disagree

with the ALJ's decision, the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). In considering the evidence of record as a whole, the Court finds substantial evidence supports the ALJ's decision that Plaintiff is capable of performing jobs in the national economy. *See Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004).

**B.     Whether the ALJ properly consider evidence from the VA**

Plaintiff argues that the VA found him 90% disabled and he informed the ALJ of this rating, but she still denied him benefits. (Doc. 20, p. 2). In claims filed after March 27, 2017 – such as this one – the Social Security Administration revised the regulations that apply to how it will consider other governmental agencies' decisions. The new regulation provides:

> Other governmental agencies and nongovernmental entities— such as the Department of Veterans Affairs, the Department of Defense, the Department of Labor, the Office of Personnel Management, State agencies, and private insurers— make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules. Therefore, in claims filed (see § 404.614) on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting

> evidence underlying the other governmental agency or
> nongovernmental entity's decision that we receive as evidence
> in your claim in accordance with § 404.1513(a)(1) through (4).

20 C.F.R. § 404.1504. Thus, the ALJ was not required to provide any analysis regarding the VA's decision to award disability benefits to Plaintiff. But the ALJ was required to consider the evidence that supported the VA's decision to award benefits. As the Court found in the first issue, the ALJ carefully and thoroughly considered the medical evidence from the VA in reaching a decision. After a review of the record as a whole, the Court finds that the ALJ's decision is supported by substantial evidence in its consideration of Plaintiff's VA benefits and VA records.

### C.   Whether the Appeals Council properly considered the additional evidence

In denying review, the Appeals Council considered additional evidence submitted by Plaintiff that was not submitted to the ALJ. (Tr. 1-2). Plaintiff submitted a Mental Disorders (other than PTSD and Eating Disorders) Disability Benefits Questionnaire dated May 10, 2019 (Tr. 86-93), a Disability Letter from the VA dated August 26, 2019 (Tr. 24), and a January 16, 2020 Decision from the VA (Tr. 9-22).

"'With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process,' including before the Appeals Council." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram v. Comm'r of Soc., Sec. Admin.*, 496 F.3d 1253, 1261 (11th

Cir.2007)). The Appeals Council is not required to give a detailed explanation or further address each piece of new evidence individually. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018) (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014)). Even though the Appeals Council has the discretion not to review an ALJ's denial of benefits, it must consider "'new, material, and chronologically relevant evidence' that the claimant submits" *Id.* (quoting *Ingram*, 496 F.3d at 1261; citing 20 C.F.R. § 404.970(b)). New evidence is chronologically relevant if it relates to the period on or before the date of the ALJ's decision. *Hargress*, 883 F.3d 1302 at 1309 (citing 20 C.F.R. §§ 404.970(b), 416.1470(b) (2016)). "Evidence is material if a reasonable possibility exists that the evidence would change the administrative result." *Id.* (citing *Washington*, 806 F.3d at 1321). If the ALJ's decision is contrary to the weight of the evidence – including the new evidence – then the Appeals Council must grant the petition for review. *Id.*

### 1.   May 10, 2019 Mental Disorders Disability Benefits Questionnaire

The Appeals Council found that the Disability Benefits Questionnaire "does not show a reasonable probability that it would change the outcome of the decision." (Tr. 2). On May 10, 2019, Alfred D. Vonetes, Psy.D. examined Plaintiff at the VA. (Tr. 86-93). Dr. Vonetes diagnosed Plaintiff with major depressive disorder, with anxious distress, recurrent, and moderate. (Tr. 87). He found Plaintiff had an occupational and social impairment with reduced reliability and productivity. (Tr.

88). Plaintiff reported that his relationships with family members were "not so good" and he struggled to make and maintain social relationships. (Tr. 89). Dr. Vonetes found Plaintiff had the following symptoms: depressed mood, anxiety, suspiciousness, chronic sleep impairment, mild memory loss, disturbances of motivation and mood, difficulty establishing and maintaining effective work and social relationships, difficulty adapting to stressful circumstances, including work or a work-like setting, and obsessional rituals which interfere with routine activities. (Tr. 91). Dr. Vonetes also found an added symptom of irritability. (Tr. 91).

Dr. Vonetes observed that Plaintiff: was alert and oriented x 4; was dressed casually; was adequately groomed; made appropriate eye contact; had a calm mood; had congruent affect, logical, intact, and goal directed speech; had spontaneous conversation on a few instances; had normal range of thought process; had no hallucinations, or delusional thoughts, and no homicidal/suicidal ideation; was a reliable historian; and was polite, cooperative and put forth a strong effort. (Tr. 91). Dr. Vonetes concluded Plaintiff's symptoms of depression and anxiety had progressed and he met the criteria for Major Depressive Disorder. (Tr. 93).

This new evidence is arguably chronologically relevant because the evaluation occurred before the ALJ's decision. The issue is whether it is material such that there is a reasonable possibility that this evidence would change the administrative result. Even though these records show that Plaintiff was diagnosed

with depression and anxiety, Dr. Vonetes observations contained generally normal findings. (T. 86-93). Plaintiff was alert, oriented, calm, and his thought process was within a normal range. (Tr. 91).

While Dr. Vonetes's observations contained generally normal findings, he also found symptoms that show Plaintiff would have difficulty in establishing and maintaining effective work and social relationships, difficulty adapting to stressful circumstances at work, and irritability. (Tr. 91) The ALJ did not account for these findings in the RFC and the Appeals Council summarily decided that this evidence did not show a reasonable probability that it would change the outcome of the decision. (Tr. 2). To make a determination on this issue, the Court would have to weigh Dr. Vonetes's evaluation against the medical records in evidence, which the Court is not permitted to do. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). There is a reasonable possibility that Dr. Vonetes's evaluation would be found persuasive, and then the record would establish greater work-related limitations than those found by the ALJ. Thus, there is a reasonable possibility that this evaluation would change the outcome of the decision. For this reason, the Court finds the Appeals Council's decision to deny review is not supported by substantial evidence and remand is warranted.

### 2.     August 26, 2019 Disability Letter and January 16, 2020 VA Decision

Plaintiff submitted a one-page Disability Letter dated August 26, 2019 and a VA Ratings Decision dated January 16, 2020. The Appeals Council determined that these records do not relate to the period at issue and therefore do not affect the decision about whether Plaintiff was disabled beginning on or before August 12, 2019. (Tr. 2).

The August 26, 2019 letter showed that Plaintiff received a service-connected disability from the VA. (Doc. 24). The VA Ratings Decision dated January 16, 2020, finds: Plaintiff's "[e]valuation of posttraumatic stress disorder with delayed expression (previously rated as a major depressive disorder, with anxious distress, recurrent, moderate) which is currently 70 percent increased to 100 percent effective September 26, 2019." (Tr. 18). This decision also found Plaintiff's left and right shoulder disability to remain 20% disabling, and his lumbosacral strain disability to be reduced from 40% to 20%. (Tr. 18-19).

As explained above, under the new regulations, the Appeals Council is not required to analyze these awarded benefits, but must consider the underlying medical evidence. 20 C.F.R. § 404.1504. For these records, however, the underlying medical evidence was not submitted to the Appeals Council for consideration. (Tr. 24, 19-22). In addition, these awards occurred after the relevant time period of on or before August 12, 2019, and there is no evidence that they relate to the relevant time period.

For these reasons, the Court finds the Appeals Council's decision is supported by substantial evidence that these records are not material and do not affect the decision of whether Plaintiff was disabled during the relevant time period.

### D.   Whether the evidence submitted to the Court warrants a sentence six remand

Plaintiff submitted supplemental material to this Court dated March 25, 2021, comprised of a notification that the Board of Veterans' Appeals remanded his appeal on January 26, 2021 and made a decision on entitlement to VA benefits. (Doc. 22). Attached to the notification is the Ratings Decision dated March 19, 2021. (Doc, 22, p. 8-15). The decision confirms the previous denial of service-connected sleep apnea syndrome and entitlement to "special monthly compensation based on housebound criteria being met is granted from September 26, 2019." (Doc. 22, p. 8). The reasons for the decision relate to sleep apnea, which Plaintiff did not raise in his Memorandum. (Docs. 20, 22). The decision found that Plaintiff's current diagnosis of sleep apnea has no link to his active-duty military service. (Doc. 22, p. 13).

New additional evidence presented to the Court and not to the administrative agency must be considered under a sentence six analysis. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Sentence six remands are "entirely different" from sentence four remands. *Id.* at 1267. Sentence six presents a federal court "with the power to remand the application for benefits to the Commissioner for the taking of additional evidence upon a showing 'that there is

new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Id.* (quoting 42 U.S.C. § 405(g)).

So to prevail, a claimant must establish: "'(1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level.'" *Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861, 863 (11th Cir. 2012) (internal quotations omitted) (quoting *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)); *see also Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001) (citation omitted) (finding same requirements to warrant a remand under sentence six). New evidence must also "relate to the period on or before the date of the administrative law judge's ("ALJ") decision." *Enix*, 461 F. App'x at 863 (citing *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999)).

For the following reasons, the Court finds that a sentence six remand is not warranted. First, the VA decision does not relate to the period on or before August 12, 2019, the date of the ALJ's decision. The VA's Rating Decision is dated March 19, 2021, nearly two years after the ALJ's decision. Second, as explained above, the new regulations do not require an analysis of VA awarded benefits, but do require consideration of the underlying medical evidence. 20 C.F.R. § 404.1504. For these

records, however, Plaintiff did not file any underlying medical evidence to consider. (Tr. 24, 19-22). Nor has Plaintiff shown that this new evidence is material, such that there is a reasonable possibility that it would change the administrative result. The Court finds Plaintiff has not established that a sentence six remand is appropriate.

## II.     Conclusion

For the reasons discussed above, the decision of the Commissioner is **AFFIRMED in part, and REVERSED and REMANDED in part** such that this action is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to consider the May 10, 2019 Mental Disorders Disability Questionnaire (Tr. 86-93) in conjunction with medical and other evidence of record. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and thereafter close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on October 28, 2021.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 21 -